IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SUZANN R. LAWSON, | : | Case No. 1:20-cv-324 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 16)**

This case — a Social Security disability benefits appeal — is before the Court on Plaintiff's Objection (Doc. 17) to Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc. 16).

In October 2016, Plaintiff filed an application for Disability Insurance Benefits. After her claim was initially denied, she requested and was granted an evidentiary hearing before an Administrative Law Judge ("ALJ"). The ALJ subsequently issued an adverse written decision, concluding that Plaintiff is not disabled. This appeal followed. Importantly, Plaintiff sets forth just one, narrowly focused claim: that the ALJ erred in evaluating the medical evidence and her subjective symptoms, and consequently erred in determining that she could perform past relevant work within her determined residual functional capacity. (*See id.*)  However, in a thoroughly explained opinion, Magistrate Judge Stephanie K. Bowman found that the ALJ's finding

of non-disability is supported by substantial evidence, contained no reversible errors, and should therefore be affirmed. (*See* Report and Recommendation, Doc. 16.) Plaintiff filed an Objection (*see* Doc. 17), to which Defendant filed a Response (*see* Doc. 18).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections (Doc. 17) lack merit. The Magistrate Judge already addressed each objection, specifically, in her Report and Recommendation.

First, Plaintiff restates her argument that the ALJ's analysis "misunderstands the nature of fibromyalgia." (Doc. 17.) But as explained in detail by the Magistrate Judge, the ALJ in fact demonstrated a clear understanding on the severity of fibromyalgia but "reasonably discounted Plaintiff's subjectively reported symptoms because they were inconsistent with other substantial evidence in the record." (Doc. 16.) Next, Plaintiff asserts that the ALJ discounted notes from Plaintiff's primary care physician. As to this point, the Magistrate Judge state that, "[w]hile Plaintiff asserts that the evidence should have been weighed differently, it was the ALJ's duty to resolve conflicting evidence, and a court may not reweigh the evidence." (*Id.*); *see also Whetsel v. Comm'r of Soc. Sec.*, 2017 WL 443499, at *8 (S.D. Ohio Feb. 2, 2017) ("it is not this Court's job to reweigh the evidence, but only to determine if the ALJ has evaluated it in a reasonable fashion."). Lastly, Plaintiff argues that the ALJ did not properly consider a closed period of disability because "merely summarizing the medical evidence is not the same as explaining why [Plaintiff]'s symptoms and surgeries during the relevant time period were not disabling." (Doc. 17.) Again, this argument was already addressed by the

2

Magistrate Judge Bowman, who stated that:

> [T]his type of "the ALJ should have said more" error is not grounds for reversal on the record presented. . . Because it is clear that the ALJ considered all of the medical evidence that related to the closed period, his conclusion that Plaintiff was not disabled clearly includes a finding that she was not entitled to a closed period of disability.

(Doc. 16); *see also Sielaff v. Commissioner of Social Sec.*, 2012 WL 567614, at *1 (N.D. Ohio Feb. 21, 2012) ("[Plaintiff] appears to be asserting that the ALJ was required to use 'magic words' and specifically indicate that a closed period of disability had been considered and rejected. No law exists to support this assertion.").

Accordingly, the Court finds that Plaintiff's objections are not well-taken and are thus **OVERRULED**. The Court therefore **ADOPTS** the Report and Recommendation (Doc. 16) in its entirety and **ORDERS** that (1) Defendant's decision is **AFFIRMED** as supported by substantial evidence, and (2) this case is **CLOSED**.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND